IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:11CR508

       Plaintiff,

       v.                                                      **ORDER**

Goldy Thompson,

       Defendant.

       Pending is a petition under 18 U.S.C. § 2255. (Doc. 88).

       In an order entered February 18, 2016, I granted in part and denied in part the government's motion to dismiss the petition. (Doc. 97). Following entry of that order, the only issue remaining was the defendant's contention that his attorney provided constitutionally defective assistance when the attorney failed to question a government witness, Christopher McCall, about "pending criminal charges," as to which the government, in exchange for McCall's testimony, allegedly "provided him a deal." (*Id.* at 1).

       The predicate for defendant's contention was that McCall had been facing unrelated charges, and the government, to induce his testimony against defendant, agreed to offer McCall "leniency" in that pending case. (Doc. 93 at 2).

       The government argued that defendant was making only a "bald assertion" in support of his claim about charges pending against McCall and the government's promise of leniency and had failed to support his conclusory claim with any evidence. (Doc. 90 at 7). The government also argued the defendant could not show any prejudice arose as a result of any ineffectiveness on defense counsel's part.

Because "[t]he record, as it presently stands, does not shed much light on whether there was a 'deal' between McCall and the government," (Doc. 97 at 5), I ordered the government to submit by March 15, 2016, "an affidavit responsive to [defendant's] allegation there was a 'deal' whereby the government agreed to provide leniency to McCall in a case pending against him in exchange for McCall's testimony against [the defendant.]" (*Id*. at 12).

I also ordered the defendant by May 2, 2016, to file a counter-affidavit responsive to the government's submission. (*Id*.).

McCall, in the affidavit the government obtained and submitted in compliance with my order, states, "I was not promised anything by any government agent or prosecutor in exchange for my truthful testimony." (Doc. 98, Ex. 1 at 1).

Instead of complying with my order to respond to the government's affidavit, the defendant requested an extension of time. (Doc. 100). Due to clerical oversight, that motion did not come to my attention until October 17, 2016; earlier that day, defendant had filed a motion to remove the six-point enhancement allocated in his presentence report on the basis of Guidelines §§ 4B1.1(a) and 4B1.2(a). (Doc. 103).

On learning of the pending motion for an extension of time, I granted the motion, directing the defendant to respond to McCall's affidavit by December 1, 2016. I instructed the defendant that if he failed to "do so" (respond to the McCall affidavit), I would dismiss his § 2255 petition with prejudice. (Doc. 102).

The defendant did not file a response as ordered. He still has not done so.

Instead, on December 27, 2016, the defendant filed a motion to reduce sentence. (Doc. 104).

At this point, therefore, the defendant's § 2255 petition should be, and will be, dismissed with prejudice. The McCall affidavit, which expressly denies any promises by the government, stands unrefuted.

That being so, the predicate on which defendant's remaining claim in his § 2255 petition–that there was a deal between the government and McCall–has vanished. There having been nothing that defense counsel could have gained by asking McCall about any such deal, his failure to have made such inquiry neither was constitutionally deficient nor caused any prejudice.

It is, therefore,

ORDERED THAT: the petition for relief under 28 U.S.C. § 2255 (Doc. 88) be, and the same hereby is, dismissed both for failure to respond to this court's order and on the merits.

Jurists of reason could not dispute this order or the rationale on which it is based; I decline, therefore, to issue a certificate of appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge