IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,     Case No. 3:11CR508

    Plaintiff,

    v.     **ORDER**

Goldy Thompson,

    Defendant.

The defendant, convicted following trial of being in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), has filed two motions relating to the seventy-two month sentence he thereafter received: 1) to remove the six-point enhancement he claims was made under Guidelines 4B1.1(a) and 4B1.2(a) of the Federal Sentencing Guidelines (Doc. 103), and 2) to reduce sentence. (Doc. 104). In making these motions, he appears to assume that he received enhancements for a prior conviction of a crime of violence and, thus, may benefit from the Supreme Court's decision in *Johnson v. U.S.*, — U.S. —, 135 S. Ct. 2551 (2015).

In *Johnson*, the Court invalidated the "crime of violence" residual clause in Guideline 4B1.2(a)(1). *Id.* at 2563.

Although the defendant did not serve a copy of either motion on the government, I conclude that I can adjudicate those motions *sua sponte* without requiring the government to respond. This is so because none of the enhancements the defendant received in computing his Base Offense Level related to that provision of the Guidelines. (Doc. 59, ¶ 21) (under seal). Thus, *Johnson* has no applicability. Accordingly, there is no merit to either motion.

It is, therefore,

ORDERED THAT: the defendant's motions to eliminate a six-point enhancement (Doc. 103) and reduce sentence (Doc. 104) be, and the same hereby are, denied.

An appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the required filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge